DECISION OF DISMISSAL
Plaintiff appeals the real market value of his property identified as Account R57020 for tax year 2007-08.
A case management conference was held on Wednesday, July 2, 2008. Plaintiff appeared on his own behalf with the assistance of an interpreter. Jack Graff (Graff) and Pat Sheleny appeared on behalf of Defendant Washington County Assessor. Greg Thummel appeared on behalf of Defendant Oregon Department of Revenue.
The court reviewed Oregon's property tax system that changed in 1997 when Measure 50 was passed.[1] Prior to the changes, there was a relationship or link between real market value and assessed value. ORS308.232 (1995). Under that system, when the real market value of a property increased, the assessed value would also increase. With the enactment of Measure 50, the link between real market value and assessed value was broken, because assessed value is now based on the lesser of real market value or of the maximum assessed value. *Page 2 
Maximum assessed value is a statutory value based on 90 percent of the real market value of the property as of 1995, or the real market value at the time the property is added to the tax roll. ORS308.153(1)(b);[2] see also ORS 308.149(3)(a). The law provides that for each successive year, the maximum assessed value in most cases will increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1). Graff stated that the assessed value of Plaintiff's property increased three percent from tax year 2006-07 to tax year 2007-08.
The assessed value of a property is the lesser of its real market value or its maximum assessed value. ORS 308.146(2). In this case, the assessed value of the subject property for tax year 2007-08 was its maximum assessed value, because the maximum assessed value was less than the real market value.
Plaintiff appealed the real market value of his property to the board of property tax appeals (BOPTA). BOPTA reduced the tax roll value to Plaintiff's May 2006 purchase price of $425,000. Even though BOPTA reduced the real market value of the subject property, there was no change in the maximum assessed value and assessed value because there is no longer a direct link between real market value and assessed value.
After the discussion, the court asked Plaintiff if he had evidence that the real market value of his property as of the assessment date (January 1, 2007) was less than the assessed value of $281,700. Plaintiff stated that he did not have evidence that the real market value was less than the assessed value. Graff stated that during the 2007-08 tax year, there were no new improvements added to the property. The court explained that in order for Plaintiff to continue his appeal, he would need to prove that the real market value is less than the maximum assessed *Page 3 
value which is the assessed value. Because Plaintiff stated that he had no evidence to support a real market value less than the maximum assessed value, the court concludes that Plaintiff's appeal must be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.
Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron July 15, 2008. The Court filed and entered this document on July 15,2008.
[1] Measure 50 was codified at Article XI, section 11, of the Oregon Constitution.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1